FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 JUL -9  PM 2:51

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
        v.                      *        CR 119-032
                                *
JENNIFER ANNE HAMBRICK          *

O R D E R

Defendant Jennifer Anne Hambrick has sent a letter to the undersigned judge that will be construed as a motion for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A).   The Government opposes the motion.  Upon due consideration, the Court denies Hambrick's request for relief.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a district court to grant release to a defendant in "extraordinary and compelling circumstances."  Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.  The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after [s]he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier." Here, Hambrick concedes that she has not exhausted her administrative remedies because she was sentenced on February 14, 2020 and is not yet in BOP custody, ironically due to the delays caused by the COVID-19 pandemic.

Rather than wade into the murky waters of whether Hambrick's failure to exhaust could be or even should be waived, the Court will address the merits of her request for compassionate release. This Court may only reduce Hambrick's sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: **"As determined**

2

**by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possible applicable category into which Hambrick may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined she is eligible for relief.   Here, Hambrick states that she suffers from hypertension, hyperlipidemia and obesity, which places her at greater risk to be adversely affected by COVID-19.   Hambrick, however, bears the burden of demonstrating that compassionate release is warranted.   Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)).  To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Hambrick presents no medical evidence that she meets either of these criteria.   Indeed, her argument seems to be that she will likely meet the criteria *if* she contracts COVID-19.   Yet, again, Hambrick provides no medical evidence regarding the impact that

3

COVID-19 would have upon her individually.  Her generalized concern about possible exposure is at this point too speculative to qualify as extraordinary and compelling.  As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  In short, without medical evidence and other necessary documentation (such as an approved home release plan) from which this Court may fully evaluate Hambrick's individual circumstances as they relate to the COVID-19 pandemic, the Court denies her request for compassionate release.

Upon the foregoing, Defendant Jennifer Anne Hambrick's motion for compassionate release (doc. 72) is **DENIED**.  Her motion to appoint counsel (doc. 74) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this _____day of July, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4